**CARPENTER, HAZLEWOOD, DELGADO & BOLEN LLP**
Attorneys at Law
1400 E. Southern Ave., Suite 400
Tempe, Arizona 85282-5691
(480) 427-2800, Facsimile (480) 427-2801
minuteentries@carpenterhazlewood.com
Mark K. Sahl 025729
Timothy R. Grimm 019110
Edith I. Rudder 020650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KANGAROO MANUFACTURING, INC., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ONLINE DISTRIBUTION, INC., a Michigan Corporation;<br>TODD SNIVELY; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff KANGAROO MANUFACTURING alleges as follows:

**THE PARTIES**

1. Plaintiff KANGAROO MANUFACTURING ("Kangaroo") is a Florida corporation with its principal place of business in Arizona.

2. Plaintiff is informed and believes and thereon alleges that Defendant, ONLINE DISTRIBUTION, INC. ("Online Distribution"), is a Michigan corporation with its principal place of business in Michigan.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant TODD SNIVELY ("Snively") was and is an individual residing in Michigan.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued as Does 1 through 50, inclusive, and Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is indebted to Plaintiff as alleged, and that Plaintiff's rights against such fictitiously named Defendants arises from such indebtedness.

5. At all times mentioned, each of the Defendants was the agent and employee of each of its co-Defendants and, in doing the things mentioned, was acting in the scope of its authority as agent and/or employee and with the permission and consent of its co-Defendants.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises under 28 U.S.C § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b), as Plaintiff is headquartered in Arizona, a substantial part of the events giving rise to the claims herein occurred in Arizona, and the goods that are the subject of the dispute are being stored in Arizona.

## FACTS GIVING RISE TO THIS ACTION

8. Plaintiff Kangaroo manufactures and imports products for resale. Kangaroo typically sells its products to resellers, who then sell the goods on Amazon.com.

9. On or about May 29, 2017, Online Distribution ordered approximately $201,282.72 in seasonal summer goods from Kangaroo. Online Distribution later

ordered additional seasonal summer goods from Kangaroo, for a sum total of $255,908.72 in goods.

10. Kangaroo's practice is to hold ordered goods for resellers until the reseller requests shipment of such goods. Kangaroo typically direct ships the goods for the convenience of the reseller.

11. Kangaroo, pursuant to Online Distribution's request, has shipped approximately $170,163.60 of the goods for Online Distribution. Kangaroo has continued to store the remaining $85,745.12 worth of goods ordered and paid for by Online Distribution.

12. On or about June 30, 2017, Online Distribution requested a refund from Kangaroo on unshipped goods. Kangaroo informed Online Distribution that it does not offer refunds on products once the goods are delivered to Kangaroo's warehouse.

13. Kangaroo has offered to deliver the unshipped goods to Online Distribution. Online Distribution has rejected such offer. Online Distribution has indicated that it seeks a refund of $85,745.12, and that it did not want delivery of the goods. Online Distribution and Mr. Snively have further threatened to publicly disparage Kangaroo and its owner, Justin Ligeri ("Ligeri"), in the event that Kangaroo did not provide Online Distribution with its requested refund.

## COUNT I

### (Request for Declaratory Relief)

14. Kangaroo hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

15. There is a controversy between Kangaroo and Online Distribution concerning whether Online Distribution has refused delivery of goods and whether Kangaroo is obligated to refund Online Distribution the amount of $85,745.12 paid by Online Distribution.

16. Kangaroo is reasonably at legal risk because of this unresolved dispute and it entitled to obtain judicial resolution of the dispute without having to wait for Online Distribution to commence an action against it.

17. This Court has the power to declare whether Online Distribution has the right to bring an action against Kangaroo for the amount of the good currently stored by Kangaroo.

18. Kangaroo requests that this Court issue a judgment declaring that: (1) Kangaroo has provided access to the goods purchased by Online Distribution; (2) that Kangaroo has fully complied with the parties' agreement; and therefore (3) that Online Distribution does not have the right to bring action against Kangaroo for breach of contract.

## COUNT II

### (Intentional Interference with Prospective Economic Advantage)

19. Kangaroo hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

20. Kangaroo has garnered a reputation as a successful high-volume seller of goods on Amazon.com. Kangaroo provides resellers, including Online Distribution, with goods intended for sale on Amazon.com. Kangaroo's buyers rely upon Kangaroo's reputation as a trustworthy and reliable importer of goods when making decisions to buy and resell goods manufactured by Kangaroo.

21. Online Distribution and Mr. Snively know of the import of Kangaroo's reputation to resellers who purchase Kangaroo goods.

22. Online Distribution has threatened to and has intentionally defamed Kangaroo and Mr. Ligeri in order to pressure Kangaroo into allowing exceptions to its refund policies for Online Distribution. Specifically, Mr. Snively has threatened to and/or has interfered with other Kangaroo seller relations and has threatened to sue on unfounded fraud allegations in order to impact Kangaroo's business.

23. In addition, Online Distribution's goods are taking valuable storage space in Kangaroo's warehouse, preventing Kangaroo from storing other imported goods on behalf of other customers.

24. Kangaroo has been and will be damaged by Online Distribution and Snively's actions.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1. For a Declaratory Judgment that Kangaroo is not in breach of any agreement and that Online Distribution has the obligation to take possession of goods currently stored by Kangaroo on behalf of Online Distribution;

2. For Compensatory Damages;

3. For costs of suit herein incurred, including but not limited to attorneys' fees; and

4. For such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of September, 2017.

**Carpenter, Hazlewood, Delgado & Bolen, LLP**

By: _/s/ Edith J. Rudder_
Mark K. Sahl
Timothy R. Grimm
Edith I. Rudder
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282
*Attorneys for Plaintiff Kangaroo Manufacturing*